a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| DWUANE ANDERSON, Petitioner | CIVIL ACTION NO. 1:16-CV-1688-P |
| VERSUS | CHIEF JUDGE DRELL |
| FEDERAL BUREAU OF PRISONS, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Dwuane Anderson (#12318-010) ("Anderson"). Anderson is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Anderson challenges the BOP's computation of his sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Anderson was arrested by a joint state and federal task force for the sale of methamphetamine. (Doc. 1, p. 12). At the time of his arrest, Anderson was under the parole supervision of Arkansas state authorities. Anderson's parole was revoked, and he was returned to state custody. (Doc. 1, p. 12). Thereafter, Anderson was indicted on federal charges.

On October 16, 2014, Anderson was temporarily "loaned" to the United States Marshals Service pursuant to a federal writ of habeas corpus ad prosequendum. (Doc. 1, p. 12; 4:14-cr-40025 (W.D. Ar.), Doc. 6). Anderson entered a guilty plea to distribution of methamphetamine, and he was sentenced to 60 months of imprisonment "with credit for time already served in federal custody." (4:14-cr-40025 (W.D. Ar.), Doc. 26). Anderson was returned to state custody after imposition of his federal sentence. On March 11, 2016, Anderson's state sentence was completed, and he was released to exclusive federal custody. (Doc. 1, p. 12).

## II.  Law and Analysis

Anderson alleges that he is entitled to credit for the time spent in borrowed federal custody because his judgment stated that he should receive "credit for time already served in federal custody." (Doc. 1, p. 5).

Title 18 U.S.C. § 3585 provides that a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. It also provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Anderson's sentence commenced on March 11, 2016, the date he was received in exclusive federal custody. (Doc. 1, p. 12). Although Anderson was in temporary federal custody pursuant to a federal writ of habeas corpus ad prosequendum from October 16, 2014, through November 20, 2015, the writ did not deprive the state authorities of primary jurisdiction. A writ of habeas corpus ad prosequendum permits one sovereign to temporarily "borrow" a person in the custody of another sovereign for the purpose of prosecution. The writ is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (citing United States v. Kipp, 232 F.2d 147 (7th Cir. 1956)).

The time for which Anderson was in "borrowed" federal custody was credited toward his state sentence. (Doc. 1, p. 12). Under § 3585(b), this time cannot also be credited toward his federal sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972) (prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the prisoner received credit for such time on his state sentence). Anderson received federal credit for the day of his arrest, as that day was not counted toward his state sentence. Thus, Anderson has received all the credit to which he is entitled.

### III. Conclusion

For the foregoing reasons, it is IT IS RECOMMENDED that Anderson's § 2241 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___21st___ day of February, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge